IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,795-02






EX PARTE QUILLON AKMON BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 25298-B IN THE 3RD JUDICIAL DISTRICT COURT


FROM ANDERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
kidnapping and received deferred adjudication community supervision. His guilt was later
adjudicated, and he was sentenced to twenty-five years' imprisonment. 

 Applicant contends that he was denied the right to appeal, and that his trial counsel rendered
ineffective assistance because counsel failed to advise Applicant regarding his appeal. Applicant
was adjudicated guilty and sentenced on February 19, 2004. At the adjudication hearing he was
represented by retained counsel, Kurt M. Noell. Applicant alleges that he attempted to contact Mr.
Noell after the adjudication for advice on how to proceed with a direct appeal, but that Mr. Noell did
not respond to his inquiries. Applicant filed a pro se notice of appeal on March 1, 2004,
accompanied by an affidavit of indigence. Applicant alleges that the trial court did not hold a
hearing to determine whether Applicant's indigence entitled him to appointed counsel for appeal,
and did not appoint appellate counsel. Applicant alleges that he also filed a motion for a copy of the
transcript, due to his indigence, but this motion was denied without a hearing. 

 Applicant alleges that he was informed on August 23, 2004, that his appeal had been
dismissed on June 23, 2004, because he had failed to pay for or make arrangements to pay for the
preparation of the clerk's record. The mandate issued on August 12, 2004. Applicant was also
informed by the court of appeals that he was represented on appeal by Kurt M. Noell, despite the fact
that Mr. Noell did not participate in the filing of the appeal.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's adjudication counsel, Mr. Kurt M. Noell, with the opportunity to respond
to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the notice of appeal and
affidavit of indigence if such documents were filed in the trial court, as well as copies of any other
motions, affidavits, or correspondence filed by Applicant in the trial court following his sentencing
on February 19, 2004. The trial court shall make findings of fact as to whether the court received
Applicant's notice of indigence with Applicant's pro se notice of appeal, and if so, whether the court
made a determination regarding Applicant's indigence. The trial court shall make findings as to
whether appellate counsel was appointed, and if so, whether appellate counsel was informed of the
appointment. The trial court shall make findings as to whether it received Applicant's pro se request
for a free copy of the trial record, and if so, whether such request was granted or denied. The trial
court shall make findings as to whether Applicant was represented by counsel on appeal, and if so,
whether such counsel was appointed or retained. The trial court shall make findings as to whether
Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to pursue
a direct appeal. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 20, 2009

Do not publish